**NEAL M. UNGER, P.C.**
**ATTORNEYS AT LAW**
**334 MILLTOWN ROAD, THIRD FLOOR**
**EAST BRUNSWICK, NJ 08816**
**(732)390-1744**
**nealmungerpc@aol.com**
**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY BASKE, | CIVIL ACTION NO. |
| Plaintiff, | CIVIL ACTION |
| v. | **COMPLAINT AND JURY DEMAND** |
| PUBLIC SERVICE ELECTRIC & GAS COMPANY a/k/a PSE&G, JOHN DOES 1-10, and X AND Y CORPORATIONS, | |
| Defendants. | |

Plaintiff Jeffrey Baske, by way of Complaint against Defendants, says:

<u>**PARTIES**</u>

1.   Plaintiff Jeffrey Baske resides at 22 Tyler Street, in the City of South Amboy, County of Middlesex, and State of New Jersey.

2.   At all times relevant to this Complaint, upon information and belief, Defendants Public Service Electric & Gas Company a/k/a PSE&G and X and/or Y Corporations, fictitious entities whose identities are currently unknown (hereinafter

collectively referred to as "PSE&G") maintain certain business premises operated as a motor vehicle repair facility located at 350 Raritan Center Parkway, Edison, New Jersey 08837.

3.   Defendants John Does 1-10 are fictitious persons whose names and addresses are presently unknown and who, at all times relevant to this complaint, were employed by Defendant PSE&G in supervisory, management and/or human resources positions.

### JURISDICTION AND VENUE

4.   This Court has federal question jurisdiction pursuant to 28 USC §1331, as Plaintiff seeks relief pursuant to the Family and Medical Leave Act (hereinafter "FMLA"), 29 USC §2601, et seq.

5.   Pursuant to 28 USC §1367, this Court has supplemental jurisdiction over Plaintiff's related state claims.

6.   Venue is proper pursuant to 28 USC §1391(b) because all known Defendants are located or reside within the District of New Jersey, Plaintiff was employed by PSE&G at PSE&G's business premises located at 350 Raritan Center Parkway, Edison, New Jersey, and the events giving rise to this Complaint occurred in New Jersey.

### FIRST COUNT (FMLA Violation)

7.   Plaintiff, Jeffrey Baske, commenced employment with Defendant PSE&G on or about August 18, 2014.  At all times

relevant to this Complaint, Plaintiff was employed by PSE&G as an auto shop mechanic.

8.   At all times relevant to this Complaint, Plaintiff performed his duties of employment in a skilled and diligent manner.

9.   On or about April 27, 2015, Plaintiff suffered an injury necessitating an immediate medical leave of absence from his work.  Plaintiff notified Defendants of his need for medical leave.

10.   On or about April 29, 2015, Lindsey Keller, as Disability Representative for Defendant PSE&G, advised Plaintiff that he was eligible for FMLA leave.  Ms. Keller requested that Plaintiff complete and return the forms she had enclosed by May 12, 2015 in order to finalize his FMLA leave and short-term disability benefits.

11.   Plaintiff completed and returned the aforementioned forms on or about May 6, 2015.

12.   On or about May 10, 2015, Plaintiff's union shop steward, Rob "Dish", called Plaintiff and advised him that PSE&G was about to terminate his employment, and that he should write a letter of resignation to submit when he returned to work.

13.   On or about May 12, 2015, Ms. Keller notified Plaintiff that, among other things, Plaintiff had been approved for and would be granted FMLA medical leave from April 30, 2015

through May 31, 2015, a period of time which is less than that which is required to be given by the FMLA.

14.  On or about May 29, 2015, the Friday before Plaintiff was to return to work, Plaintiff's shop steward, Mr. "Dish", asked Plaintiff if he had prepared his letter of resignation and advised Plaintiff that he was expected to resign.  Plaintiff did not prepare the letter and did not resign his position at PSE&G.

15.  Plaintiff reported for work on June 1, 2015 and was placed on light duty until June 4, 2015.

16.  On or about June 4, 2015, Defendant PSE&G terminated Plaintiff's employment.

17.  Defendant PSE&G and John Does 1-10 interfered with and violated Plaintiff's rights under the FMLA.  By way of example and without limitation, Defendant:

    a.  Failed to properly notify Plaintiff of his FMLA rights;

    b.  Failed to afford Plaintiff the proper amount of medical leave required by the FMLA;

    c.  Failed to reinstate Plaintiff to his position;

    d.  Threatened Plaintiff's employment and attempted to coerce Plaintiff into resigning, while Plaintiff was on approved FMLA medical leave; and

    e.  Otherwise interfered with and violated Plaintiff's rights under the FMLA.

18.   Defendant's intentional acts and defiance of the legislative intent of the Family Medical Leave Act are against public policy and are in violation of 29 <u>U.S.C.A.</u> 2601, et. seq.

**WHEREFORE,** Plaintiff demands judgment against Defendants PSE&G and John Does 1-10 individually, jointly and/or severally as follows:

(a)  for compensatory damages;

(b)  for economic damages, including, without limitation, both back pay and front pay;

(c)  for punitive damages;

(d)  for attorneys' fees;

(e)  for costs of suit;

(f)  for lawful interest; and

(g)  for such other and further relief as the Court may deem equitable and just.


<u>**SECOND COUNT  (FMLA Retaliation)**</u>

19.   Plaintiff repeats and re-alleges each of the allegations of the First Count of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

20.  Defendants PSE&G and John Does 1-10 terminated Plaintiff's employment in retaliation for seeking and receiving benefits under the FMLA.

21.  Defendant's intentional acts and defiance of the legislative intent of the Family Medical Leave Act are against public policy and are in violation of 29 U.S.C.A. 2601, et. seq.

**WHEREFORE,** Plaintiff demands judgment against Defendants PSE&G and John Does 1-10 individually, jointly and/or severally as follows:

(a)  for compensatory damages;

(b)  for economic damages, including, without limitation, both back pay and front pay;

(c)  for punitive damages;

(d)  for attorneys' fees;

(e)  for costs of suit;

(f)  for lawful interest; and

(g)  for such other and further relief as the Court may deem equitable and just.


### THIRD COUNT (LAD Discrimination)

22.  Plaintiff repeats and re-alleges each of the allegations of the First and Second Counts of this Complaint as if set forth fully herein at length and incorporates same by reference hereto.

23.  Defendant PSE&G, by and through its agents, servants and employees, discriminated against Plaintiff by terminating his employment due, at least in substantial part, to his physical condition and/or injury.

24.  Defendants, individually and/or through their servants, agents and/or employees, engaged in unlawful discriminatory employment practices by discriminating against Plaintiff up to and including his termination on the basis of Plaintiff's physical condition and/or injury in violation and contravention of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq. (hereinafter "NJLAD").

25.  Defendants' discriminatory treatment of Plaintiff has resulted in causing Plaintiff embarrassment, emotional distress, physical distress, loss of income, financial hardship, and other damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants PSE&G and John Does 1-10 individually, jointly and/or severally as follows:

(a)  for compensatory damages;

(b)  for economic damages, including, without limitation, both back pay and front pay;

(c)  for punitive damages;

(d)  for attorneys' fees;

(e)   for costs of suit;

(f)   for lawful interest; and

(g)   for such other and further relief as the Court may

     deem equitable and just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues
raised by the Pleadings.

                                        NEAL M. UNGER, P.C.
                                        Attorneys at Law
                                        Attorneys for Plaintiff

                            By:   /s Neal M. Unger
                                        Neal M. Unger, Esq.

DATED: January 8, 2016